IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>TONYA BARNEY,<br><br>       Defendant. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:08-CR-140 CW |

Now before the court is Magistrate Judge Braithwaite's Report and Recommendation (Dkt. No. 42) issued on February 17, 2009 (the "R & R"). The R & R recommends that Defendant Tonya Barney's motion to suppress (Dkt. No. 12) be denied. Ms. Barney filed an objection to the R & R on February 27, 2009. The government argues that Ms. Barney has waived her right to review by this court because her objection is too general. For the reasons below, the court agrees with the government.

A party who fails to object to a magistrate's report and recommendation with sufficient specificity waives his or her right to an appellate review of that decision. See United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir.1996). Courts have applied this waiver rule in the context of a magistrate's report and recommendation denying a motion to suppress. See, e.g., United States v. Currier, 211 F.3d 1279, *6 (10th Cir. May 10, 2000) (table opinion) and United States v. Gordon, 2:04-CR-668 DB, 2008 WL 3540007, *1 (D. Utah Aug.

13, 2008).  Courts may decline to find a waiver "when the interest of justice so dictate," but this exception has been characterized by the Tenth Circuit as "very narrow."  <u>Currier</u>, 211 F.3d 1279 at *4 (citations omitted).

In this case, Ms. Barney's objection to the R & R reads, in its entirety, a follows:

> [T]he Defendant, by and through her attorney Aric Cramer, and pursuant to [28] USC §636(b) the defense files this written objection to the proposed report and recommendations as proposed by the Magistrate.
>
> The Defendant objects to the Court's conclusions and recommendations denying the Defendant's motion to suppress and requests that the Court conduct a hearing thereon prior to the Court adopting the report and recommendations.

(Dkt. No. 43.)  This objection falls far short of containing the amount of specificity required to properly preserve Ms. Barney's objection to the R & R.  Accordingly, Ms. Barney has waived her objection to the R & R.[1]

The court has specifically considered whether the interests of justice require a different result and has concluded that they do not.  First, it must be noted that Ms. Barney is represented in this matter.  See <u>Currier</u>, 211 F.3d 1279 at *5 (noting that waiving defendant was represented

---

[1] In Ms. Barney's reply to the government's contention that her objection was not sufficiently specific, Ms. Barney argues that there is a "specific disagreement." (Dkt. No. 45.) She states that "[s]pecifically, [Ms. Barney] believes that the United State Supreme Court cases trump any 10th Circuit Court of Appeals cases.  Those 10th Circuit cases are the cases which [Ms. Barney] believes the Court relied upon in reaching its decision." (<u>Id.</u>)  There are two problems with this argument.  First, Ms. Barney brings it for the first time in reply, which is grounds to disregard it.  Second, looking at the argument itself, Ms. Barney has not given the court enough information to understand and determine the merits of her objection.  There is no question that the Supreme Court "trumps" any federal appellate court.  But Ms. Barney does not tell the court how or why any Supreme Court case directly controls this case or how any Tenth Circuit case on which the magistrate relied is contradicted by any Supreme Court case.  Even considering Ms. Barney's reply, then, she still has not stated her objection with the required specificity.

when deciding not to apply the exception).  Further, Judge Braithwaite's R & R informed Ms. Barney that she had ten days after receiving it to file any objections and that "[f]ailure to file objections may constitute a waiver of those objections on subsequent appellate review."  See id. (finding magistrate's similar warning to be important in exception analysis).

Most importantly, however, there do not appear to be any fundamental errors in the R & R.  The R & R contains sufficient facts to conclude that the officer who stopped Ms. Barney had specific information that Ms. Barney had drugs in her possession when the officer stopped the vehicle in which she was traveling.  Accordingly, there was no error in concluding that the officer had probable cause to conduct a warrantless search of the vehicle.  See Florida v. White, 526 U.S. 559, 563-64 (1999) and United States v. Arzaga, 9 F.3d 91, 94 (10th Cir. 1993).  It was therefore correct to deny the motion to suppress.

## CONCLUSION AND ORDER

Because Ms. Barney failed to file specific objections to the R & R, she waived review by this court.  The "interests of justice" do not dictate otherwise.  Consequently, the court ADOPTS the R & R and DENIES Ms. Barney's motion to suppress.

DATED this 11th day of March, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge